**Willie A. WOMACK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21629.**

United States Court of Appeals District of Columbia Circuit.

Argued March 28, 1968.

Decided May 1, 1968.

Petition for Rehearing En Banc Denied May 24, 1968.

Mr. Jerome H. Simonds, Washington, D. C., (appointed by this Court) for appellant.

Mr. Lawrence Lippe, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the opposition, for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

After a direct appeal from his criminal conviction had been noted, appellant mov-

---

ed to hold that appeal in abeyance pending disposition by the District Court of a motion under 28 U.S.C. § 2255. The motion filed below alleged denial of due process under the principles announced in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The District Court refused a hearing on appellant's allegations, holding that it had no jurisdiction to entertain a Section 2255 motion while a direct appeal was pending in this court. Appellant noted an appeal from this order and has moved for summary reversal.

■■ We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.[1] A motion under Section 2255 is an extraordinary remedy and not a substitute for a direct appeal.[2] Moreover, determination of the direct appeal may render collateral attack unnecessary.[3]

■ In the case at bar, the District Judge properly refused to entertain the Section 2255 motion. Although the trial was held prior to the Supreme Court's decision in Stovall v. Denno, supra, and the record on direct appeal may, therefore, be insufficient to warrant reversal of the conviction, this court may nonetheless remand for further proceedings if there appears to be a nonfrivolous Stovall claim. See Wright v. United States, No. 20,153 (D.C.Cir. Jan. 31, 1968). Since such an evidentiary hearing is all that appellant seeks by way of Section 2255, we think that an adequate remedy is available on direct appeal.[4] Appellant would, of course, be free to renew his Section 2255 motion after disposition of the direct appeal, should relief still be necessary.

Motion for summary reversal denied.

1. Where the District Judge concludes that the motion is or may be appropriate, he may follow the procedure outlined in Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952). See also Smith v. United States, 109 U.S.App.D.C. 28, n. 9, 283 F.2d 607 (1960), cert. denied, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 369 (1961).

2. Thornton v. United States, 125 U.S.App. D.C. 114, 117–118, 368 F.2d 822, 825–826 (1966).

3. United States v. Brilliant, 274 F.2d 618 (2d Cir.), cert. denied, 363 U.S. 806, 80 S.Ct. 1242, 4 L.Ed.2d 1149 (1960); Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960); Bell v. United States, 265 F.Supp. 311 (N.D.

Miss.1966), aff'd, 375 F.2d 763 (5th Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175 (1967). Cf. Adams v. United States ex rel. McCann, 317 U. S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

4. The only factor in this case running in favor of granting a hearing is that more than seven months had elapsed since sentencing when the District Court refused to entertain the Section 2255 motion. More than seventeen months have now elapsed since appellant's allegedly improper pre-trial identification. Much of the delay since the conviction is attributable to appellant's seeking extraordinary relief rather than pursuing his direct appeal.