UNITED STATES of America, Appellee,

v.

Jacob John GORDON, Defendant,
Appellant.

No. 80–1170.

United States Court of Appeals,
First Circuit.

Submitted May 2, 1980.

Decided Sept. 19, 1980.

Jacob John Gordon, pro se, on motion for appointment of counsel.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

On December 28, 1979, the appellant was found guilty on numerous counts of mail and wire fraud. He was sentenced on January 4, 1980. On the same date he filed his notice of appeal and Appeal Number 80–1009 followed. On February 29, 1980, the appellant filed in the district court a motion to vacate the judgment of conviction pursuant to 28 U.S.C. § 2255. The motion was denied on March 5, 1980. A notice of appeal from the denial of that motion was filed on March 29, 1980. This second appeal is before us under Appeal Number 80–1170. In his direct appeal, No. 80–1009, the appellant requested, and was granted, the appointment of counsel to prosecute the appeal.[1] He now makes the same request in the appeal from the denial of his collateral attack.

■ Appellant's § 2255 motion, and the district court's denial of that motion, both took place during the pendency in this court of the direct appeal. Because we recognize and endorse the policy considerations that have led other courts to hold that in the absence of "extraordinary circumstances," the "orderly administration of criminal justice" precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, see United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); Womack v. United States, 395 F.2d 630 (D.C.Cir. 1968); Masters v. Eide, 353 F.2d 517, 518 (8th Cir.

1. During trial the defendant chose to represent himself. The district court did, however, appoint standby counsel.

1965); *Black v. United States,* 269 F.2d 38, 41 (9th Cir. 1959), *cert. denied,* 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960) we now adopt this rule. We do this both to determine the proper order to issue upon the pending request, and to serve as a measure of guidance for other district courts faced with this situation in the future.

The present situation illustrates the strength of these policy considerations. The appellant, in his attempt to overturn his conviction, raises similar arguments in both the direct appeal and the appeal from the denial of the collateral relief. Although a section 2255 motion may possess several characteristics of a separate civil proceeding, procedurally it is "a further step in the movant's criminal case." *See* Advisory Committee Note to Rule 1 of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. As such, and because the major thrust of the appellant's arguments are now before us in the direct appeal, we see little practical advantage to simultaneously entertaining a second appeal which essentially repeats the first under a different guise. From the appellant's standpoint the direct appeal affords him not only an opportunity to fully present all his claims in one sitting, but the opportunity to present claims he could not otherwise raise on collateral attack,[2] *see, e. g., United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Moreover, on direct appeal most of these claims would be examined under a standard of review more advantageous to the appellant.[3] *Cf. United States v. DiCarlo,* 575 F.2d 952, 954–55 (1st Cir. 1978); *Miller v. United States,* 564 F.2d 103, 105–06 (1st Cir. 1977). To an overburdened court these considerations dictate that its resources–including the cost of appointing an attorney–are not expended in processing an extraordinary remedy which, depending upon the outcome of the direct appeal, may be mooted or significantly altered.

 Because we do not find "extraordinary circumstances" that would warrant simultaneously entertaining a duplicative appeal, *cf. Bowen v. Johnston,* 306 U.S. 19, 25–27, 59 S.Ct. 442, 445–46, 83 L.Ed. 455 (1939), and because the appellant already has appointed counsel to process the direct appeal of his conviction, the motion for appointment of counsel will be denied and Appeal No. 80–1170 will be dismissed.

*Appeal Dismissed.*

---

**2.** Of course, certain circumstances may allow a § 2255 petitioner to initiate new claims or relitigate aspects of old claims. *See Robson v. United States,* 526 F.2d 1145, 1147–48 (1st Cir. 1975).

**3.** This changing standard of review is one of the variables that militate against allowing a district court to entertain, even to deny, a § 2255 petition filed during the pendency of a direct appeal.