829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon Dean LANDIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellees.
 Nos. 87-1200, 87-1578
 United States Court of Appeals, Sixth Circuit.
 September 25, 1987.
 
 ORDER
 Before ENGEL and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 In these consolidated appeals, this pro se petitioner seeks review of a judgment of the district court which denied his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 and its subsequent order denying his motion for preparation of a transcript at government expense. Petitioner has renewed the latter motion before this court. Upon review of the record and petitioner's brief, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In 1985, petitioner pled guilty to a charge of bank robbery in violation of 18 U.S.C. Sec. 2113 and was sentenced to a term of twenty years. He subsequently filed a motion to vacate that sentence pursuant to 28 U.S.C. Sec. 2255, claiming that he had entered a guilty plea due to ineffective assistance of counsel. Without addressing the merits of that claim, the district court denied the motion to vacate sentence due to the pendency of petitioner's direct appeal. Petitioner then filed an appeal of that action with this court (Case No. 87-1200). Thereafter, petitioner filed a motion for preparation of a transcript at government expense with the district court, presumably for use in connection with the appeal in Case No. 87-1200. That motion was denied and petitioner filed a notice of appeal with this court (Case No. 87-1578). Petitioner's two appeals were consolidated for our review.
 
 
 3
 We find that the district court did not err in denying petitioner's motion to vacate sentence. Review of the record establishes that at the time that motion was filed, petitioner's direct appeal of his conviction was pending before this court. District courts have traditionally declined to address the merits of a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 during the pendency of the movant's direct appeal absent extraordinary circumstances. United States v. Esposito, 771 F.2d 283, 288 (7th Cir. 1985), cert. denied, 106 S.Ct. 1187 (1986); United States v. Roberts, 749 F.2d 404, 407 (7th Cir. 1984), cert. denied, 470 U.S. 1058 (1985); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) (per curiam); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) (per curiam); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968) (per curiam); Masters v. Eide, 353 F.2d 517, 518 (8th Cir. 1965) (per curiam); Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959), cert. denied, 361 U.S. 938 (1960). Application of that rule to this case indicates that the district court properly declined to address the merits of petitioner's motion to vacate sentence. On the basis of that conclusion, it is equally clear that the district court did not err in denying petitioner's motion for preparation of a transcript at government expense. 28 U.S.C. Sec. 753(f). Petitioner is free to renew his Section 2255 motion and his motion for a transcript after disposition of the direct appeal, if necessary. 28 U.S.C. Sec. 2255; Womack v. United States, 395 F.2d at 631.
 
 
 4
 Accordingly, it is ORDERED that the district court's final judgment entered June 3, 1986, and its order entered May 18, 1987, are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Furthermore, it is ORDERED that the district court's denial of petitioner's motion for preparation of a transcript at government is hereby affirmed.