911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Faqi Hussein NAQVI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Faqi Hussein NAQVI, Defendant-Appellant.
 Nos. 89-5238, 89-5258.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 11, 1990
Decided Aug. 21, 1990
As Amended June 3, 1991.
 
 1
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-89-250-A)
 
 
 2
 Warren Gary Kohlman, Kohlman and Rochon (argued), Washington, D.C., for appellant.
 
 
 3
 Christine Fay Wright, Special Assistant United States Attorney (argued), Alexandria, Va., for appellee;
 
 
 4
 Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 
 
 5
 Before MURNAGHAN, Circuit Judge, McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 McMILLAN, Senior District Judge:
 
 6
 Faqi Hussein Naqvi pleaded guilty to one count of conspiracy to commit wire fraud. On September 29, 1989, Naqvi was sentenced to fifteen months imprisonment.
 
 
 7
 Naqvi appeals the decision of the district court denying his motion to withdraw his guilty plea. Naqvi also challenges the decision of the district court refusing to entertain his renewed motion to withdraw his guilty plea, and he challenges his sentence under the applicable federal sentencing guidelines. Because the trial judge properly exercised his discretion in denying Naqvi's motion to withdraw his guilty plea, and because the court properly applied the sentencing guidelines, we affirm.
 
 
 8
 * In December 1988, the United States Attorney for the Eastern District of Virginia began investigating individuals suspected of participating in an immigration fraud conspiracy. Special Assistant United States Attorney Christine Wright was assigned to the case. By spring 1989 several individuals were arrested for their role in the conspiracy. Appellant Naqvi was among those arrested.
 
 
 9
 Naqvi retained attorney Roy Baldwin to represent him. Although no formal indictment had been issued, Baldwin and Wright began to discuss a plea agreement for Naqvi.
 
 
 10
 Naqvi was offered the opportunity to plead guilty to one count of conspiracy to commit wire fraud. Wright advised Baldwin that one co-conspirator, Khan Khattak, had agreed to testify against Naqvi. Wright showed Baldwin documentary evidence which incriminated Naqvi. Wright agreed to delay seeking an indictment so Baldwin could discuss the plea with his client.
 
 
 11
 In subsequent plea discussions, Wright told Baldwin that a second co-conspirator, Gary Peacemaker, also had agreed to cooperate with the government and would testify against Naqvi. At Baldwin's request, Wright prepared a written plea agreement, criminal information, and statement of facts. Wright agreed to a second extension of time before seeking an indictment.
 
 
 12
 On July 24, 1989, Baldwin informed Wright that his client did not want to plead guilty. Wright advised Baldwin that she would seek an indictment the next day. Wright also advised Baldwin that a third co-conspirator, Jamal Sharifi, had been discussing a plea agreement with her, and if Sharifi accepted that plea, Sharifi would also testify against Naqvi.
 
 
 13
 Later that day, Baldwin called Wright and informed her that his client had changed his mind. Baldwin told Wright that Naqvi would accept the plea if Wright would remove the forfeiture provision from the plea agreement. Wright agreed.
 
 
 14
 On July 26, 1989, Naqvi and his attorney, Baldwin, appeared before the United States District Court for the Eastern District of Virginia. The district judge conducted a thorough Rule 11 colloquy in which Naqvi testified under oath that he understood his right to plead not guilty, his right to an indictment and his right to confront his accusers. Naqvi admitted the underlying facts of the crime and his participation in the conspiracy. Attorney Baldwin stated on the record:
 
 
 15
 [I]n discussion with Ms. Wright, I have been informed by her that a number of individuals were ready to testify against [Naqvi], including Walter Gary Peacemaker and Mr. Khattak and possibly Mr. Sharifi.
 
 
 16
 Plea Hearing Transcript at 13 (emphasis added).
 
 
 17
 Naqvi pleaded guilty to one count of conspiracy to commit wire fraud. The district court accepted the plea and set sentencing for September 29, 1989.
 
 
 18
 After pleading guilty but prior to sentencing, Naqvi and Baldwin learned that Sharifi was not a cooperating government witness, and that Sharifi had no intention of testifying against Naqvi. Naqvi promptly filed a motion seeking to withdraw his guilty plea on the ground that he had been misinformed about the evidence against him. He contended that Wright had informed Baldwin "in no uncertain terms" that Sharifi would plead guilty and that Sharifi would testify against him.
 
 
 19
 The district court conducted hearings on September 22 and September 29, 1989, to determine whether to grant Naqvi's motion to withdraw his plea. Faced with the unenviable task of resolving inconsistent affidavits of counsel, the court denied the motion to withdraw Naqvi's plea and sentenced the defendant to fifteen months imprisonment under the sentencing guidelines. Naqvi filed a timely notice of appeal on October 10, 1989.
 
 
 20
 On November 3, 1989, Naqvi filed a renewed motion to withdraw his guilty plea. On November 9, 1989, the district court denied the motion on the ground that the court was without jurisdiction to entertain the motion in light of Naqvi's earlier-filed appeal. Again, Naqvi filed a timely notice of appeal.
 
 II
 
 21
 Naqvi argues that the district court improperly denied his motion to withdraw his guilty plea. He argues that Wright misled his attorney about the strength of the government's case, and that his attorney relayed that misinformation to his client. Because his guilty plea was based on his mistaken belief that Sharifi would testify against him (when in fact Sharifi had no intention of cooperating with the government), Naqvi argues he is entitled to withdraw his plea.
 
 
 22
 Rule 32(d) of the Federal Rules of Criminal Procedure governs plea withdrawal. Rule 32(d) provides in relevant part:
 
 
 23
 If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 24
 The decision whether a plea may be withdrawn rests with the discretion of the trial judge. The decision of the district court will not be disturbed absent an abuse of discretion. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986).
 
 
 25
 The trial court was faced with conflicting affidavits of counsel. The court focussed on Baldwin's statement made during the plea hearing that Peacemaker and Khattak "were ready to testify against [Naqvi]" and that Sharifi "possibly" might testify against Naqvi. Because Naqvi's own attorney thought it only "possible" that Sharifi would testify, the court resolved the credibility determination in favor of Wright. Having rejected the only ground upon which the defendant argued he was entitled to withdraw his plea, the district court denied the motion.
 
 
 26
 The district judge is in a better position than this court to assess credibility. The district court conducted a flawless Rule 11 hearing, at which the defendant repeatedly admitted his guilt. The district court then conducted two hearings on Naqvi's motion to withdraw his plea and invited both sides to present testimony. We find it reasonable for the district court to conclude that Naqvi's guilty plea was based on accurate and complete information. While the decision to deny the motion to withdraw the plea was a close call, to do so was not an abuse of discretion.
 
 III
 
 27
 Naqvi also challenges the decision of the district court to deny entertaining his renewed motion to withdraw his guilty plea.
 
 
 28
 Naqvi filed his renewed motion to withdraw his guilty plea after the district court imposed sentence upon him. Under Federal Rule of Criminal Procedure 32(d), a motion to withdraw a guilty plea after imposition of sentence must be made as a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, and carries a far stricter standard of proof: such a motion will be branted only "to correct manifest injustice." 3 C. Wright, Federal Practice and Procedure, Criminal 2d Sec. 539 at 210. We note at the outset that Naqvi failed properly to style his renewed motion as one to vacate his sentence.
 
 
 29
 In addition, it is well-settled that "[a] motion under [section 2255] is not proper while an appeal from the conviction is pending since disposition of the appeal may make the motion unecessary." 3 Wright, Sec. 597 at 483. See e.g., United States v. Wilson, 894 F.2d 1245 (11th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 3284 (1990); United States v. Gordon, 634 F.2d 638 (1st Cir. 1980); United States v. Davis, 604 F.2d 474 (7th Cir. 1979). We find no reason to depart from that policy in the instant case, and thus hold that the district court's decision not to consider Naqvi's renewed motion was proper.
 
 IV
 
 30
 Naqvi argues that the district court improperly applied the United States Sentencing Commission Guidelines in that it incorrectly increased his offense level for "victim loss" and improperly refused to reduce his sentence for "acceptance of responsibility."
 
 
 31
 Section 2F1.1(b)(1)(G) of the federal sentencing guidelines provides for an increase in sentence based upon the amount of victim loss. Naqvi argues that there should be no enhancement here because the victims "got what they paid for." He, therefore, contends that there was no victim loss.
 
 
 32
 This novel argument misses the point. As the district court correctly noted, the victims paid for documents to remain in this country, and what the victims got were worthless fraudulent documents. The district court properly enhanced Naqvi's sentence based upon victim loss.
 
 
 33
 Naqvi also contends that because he pleaded guilty, he is entitled to a two-point reduction in his sentence for "acceptance of responsibility." The district court found that Naqvi was not entitled to two points credit "because he has not accepted responsibility."
 
 
 34
 In United States v. White, 875 F.2d 427 (4th Cir. 1989), this court held that the determination of whether a defendant accepts responsibility is a factual question. The decision of the district court regarding acceptance of responsibility will not be disturbed unless it is clearly erroneous. Id. at 431. The mere fact that a criminal defendant pleads guilty does not obligate the district judge to grant him a reduction in sentence. United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989).
 
 
 35
 At the sentencing hearing, Naqvi recanted his prior sworn admissions of guilt and protested his innocence. He expressed no feelings of contrition. The decision of the district court to deny Naqvi a two-point reduction in sentence for acceptance of responsibility was not clearly erroneous.
 
 AFFIRMED