992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonathan David BROWN, Petitioner-Appellant,
v.
UNITED STATES of America; John T. Nixon, Chief U.S.
District Judge, Respondents-Appellees.
 No. 92-6475.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Jonathan David Brown, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and § 1651. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brown, who was associated with the Ku Klux Klan and the Aryan Nation, was charged and convicted after a jury trial of perjury and accessory after the fact to injure, oppress, threaten and intimidate Jewish inhabitants and citizens of the United States in violation of 18 U.S.C. § 241. While he was awaiting sentencing, he filed his petition for a writ of habeas corpus in which he essentially challenged his convictions and also a ruling by Judge Nixon, one of the respondents, who denied his motion to relocate to the State of Missouri during the time he was awaiting sentencing. Although Brown primarily challenges his convictions and the sufficiency of the indictments in his habeas petition, he specifically indicated that his petition was not brought under 28 U.S.C. § 2255. In his petition, he indicated that he had not exhausted his available remedies before filing his habeas corpus action.
 
 
 3
 The district court dismissed the case sua sponte as frivolous. On appeal, Brown challenges his convictions and the sufficiency of the indictments used to convict him; however, he does not challenge the district court's denial of his motion to relocate while awaiting sentencing. He has filed motions for a stay of execution of his sentence and release pending appeal, as well as a transfer "to U.S.P.O. for the Western District of Missouri;" these motions have already been denied by this court. He has since filed a motion to amend his habeas petition. Brown also has a direct criminal appeal pending in this court (Case No. 92-6546).
 
 
 4
 Initially, any challenge Brown made in his habeas petition to the district court's denial of his request to relocate while awaiting sentencing has been abandoned on appeal, and that issue is therefore not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Brown's habeas petition. A federal prisoner must first exhaust his available remedies before filing a § 2241 habeas petition. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Dismissal is proper due to Brown's failure to first exhaust his available remedies.
 
 
 6
 Brown's habeas corpus action is also premature. The courts have held that, absent extraordinary circumstances, the orderly administration of justice precludes a district court from considering a habeas corpus petition while a direct challenge to the charges are still pending. Cf. United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir.1980); United States v. Davis, 604 F.2d 474, 484-85 (7th Cir.1979). Brown has a direct criminal appeal pending in this court. He has not presented any extraordinary circumstances that would warrant simultaneously entertaining his habeas petition and his direct criminal appeal. Furthermore, a determination of his direct appeal may render his collateral attack unnecessary or moot.
 
 
 7
 Dismissal by the district court was also proper because Brown has filed the wrong type of action. Because a reading of Brown's habeas petition demonstrates that he is essentially challenging his convictions and not the execution of his sentence, the proper manner in which to proceed would be to bring a § 2255 motion to vacate his sentence rather than a § 2241 habeas corpus action. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977).
 
 
 8
 Accordingly, we hereby deny any and all pending motions, Brown's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.