19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne SARGENT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2302.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Wayne Sargent, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1992, Sargent was sentenced to 210 months of imprisonment for money laundering following a jury trial. Sargent appealed his conviction, raising several issues including: 1) prosecutorial misconduct; 2) violations of Rule 11(e)(6); 3) insufficient evidence; and 4) cumulative error. The appeal is currently pending in this court. Less than a month after filing his appeal, Sargent filed the current motion challenging his sentence. The magistrate judge filed a report recommending that the district court deny the motion as premature as Sargent filed the motion while his direct appeal is still pending. The district court adopted the magistrate judge's recommendation and denied Sargent's motion, despite his objections, in which he argued that he had intended to file a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241 and not a Sec. 2255 motion. Sargent has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly denied Sargent's motion as premature. Absent extraordinary circumstances, review of a federal prisoner's Sec. 2255 motion to vacate sentence is precluded while review of his direct criminal appeal is still pending. United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir.1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir.1979). Because Sargent's criminal appeal was still pending when the district court rendered its decision, and because no extraordinary circumstances are apparent, the district court properly denied the motion as premature.
 
 
 4
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.