23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Michael K. LEGGETT, Defendant-Appellant/Cross-Appellee.
 Nos. 92-4269, 93-3882, 92-4270 and 92-4362.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 In these consolidated cases, Michael K. Leggett appeals his convictions and sentences for attempted bank robbery, in violation of 18 U.S.C. Sec. 2113(a), and assault on a federal officer, in violation of 18 U.S.C. Sec. 111(a), as well as the court's denial of relief under 18 U.S.C. Sec. 2255. The government cross-appeals, claiming that the district court improperly entertained a collateral attack at sentencing on the constitutionality of Leggett's 1983 conviction for armed robbery, and that Leggett's armed robbery sentence in this case therefore should have been enhanced under the career offender provisions of Guideline Section 4B1.1. We affirm.
 
 
 2
 On the afternoon of January 21, 1992, Michael K. Leggett attempted to rob the First Nationwide Bank branch located at 200 Euclid Avenue in Cleveland, Ohio. Leggett was arrested when he appeared at the United States Courthouse probation office in Cleveland on January 23. At his initial appearance before the U.S. magistrate judge, Leggett stated that he wished to proceed pro se, and he was appointed advisory counsel. Leggett twice refused to appear in a line-up, even though on the second occasion he had been specifically so ordered by the district court. While in custody, Leggett also attacked and bit two Deputy U.S. Marshals. These actions by Leggett resulted, on February 20, in the handing up of a an indictment charging him with assault on a federal officer in addition to attempted bank robbery.
 
 
 3
 At a status conference on March 10, Leggett had to be bound and gagged by the district court because of his disruptive behavior. The court also entered an order under 18 U.S.C. Sec. 4241 requiring Leggett to undergo a psychiatric examination in order to assess his competence to stand trial. On June 16, following the completion of the psychiatric examination, the district court conducted a competency hearing. Leggett again had to be bound and gagged, this time before entering the courtroom, after he spit on and attempted to bite a Deputy Marshal. Advisory counsel was present at the hearing. The court ultimately found Leggett competent to stand trial, and neither the government nor Leggett objected to this determination.
 
 
 4
 After two separate jury trials, Leggett was convicted on both the charge of attempted bank robbery and the charge of assault upon a federal officer. At the sentencing hearing, Leggett claimed that he had not been allowed adequate access to legal and writing materials while incarcerated, and moved for a continuance. The district court denied Leggett's motion, and proceeded to sentence Leggett to a term of one hundred and fifteen months of incarceration, to be followed by a three-year term of supervised release. The court also found Leggett to be in violation of his supervised release in a prior California felony case, and sentenced him to an additional twenty-four months in prison to run consecutively to the first term of imprisonment. In making its calculations under the Sentencing Guidelines, the court declined to include Leggett's 1983 Louisiana armed robbery conviction as a predicate offense for career offender status under Section 4B1.1.
 
 
 5
 Leggett filed this timely appeal of his conviction and sentence, and the government timely cross-appealed the court's refusal to consider Leggett's 1983 conviction for career offender purposes. While his direct appeal was pending before this Court, Leggett also filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 in the district court. The district court denied this motion. Thus, Leggett's direct appeal and the government's cross-appeal are before this Court in consolidated Case Nos. 92-4269, 92-4270, and 92-4362, and Leggett's appeal of the district court's denial of the motion to vacate sentence is before this Court in Case No. 93-3382.
 
 
 6
 District courts are generally precluded from addressing the merits of motions to vacate sentence pursuant to 28 U.S.C. Sec. 2255 during the pendency of the movant's direct appeal, absent extraordinary circumstances. See, e.g., United States v. Gordon, 634 F.2d 638, 639 (1st Cir.1980). There are no extraordinary circumstances apparent from the record in the instant case, and Leggett's ineffective assistance of counsel and due process claims are also presented for review in his direct appeal. See Id. at 639 (similarity of issues involved in simultaneous direct and collateral appeals is a factor in decision to deny collateral review until direct appeal has been considered). Accordingly, although the district court did unnecessarily address the merits of Leggett's claim, we find that its denial of the Section 2255 motion was proper.
 
 
 7
 Leggett contends that he was denied the effective assistance of counsel when the district court failed to appoint counsel for him after ordering the psychiatric examination. He cites United States v. Purnett, 910 F.2d 51 (2d Cir.1990), for the proposition that a district court may not simultaneously question a defendant's mental competence to stand trial and, at the same time, be convinced that the defendant has knowingly and intelligently waived his right to counsel. Thus, Leggett concludes, the district court erred in this case by not appointing counsel, even though he wished to proceed pro se and advisory counsel was available during the proceedings. We believe that the instant case is distinguishable from Purnett because advisory counsel for Leggett had been appointed, was available at all relevant times, and participated to a greater degree in the proceedings than did the standby counsel in Purnett. Accordingly, we find that Leggett was not denied the effective assistance of counsel.
 
 
 8
 We also conclude that the district court acted within its discretion in entertaining the collateral attack on the 1983 state armed robbery conviction at sentencing. See United States v. McGlocklin, 8 F.3d 1037, 1043 (6th Cir.1993) (en banc). We note that the plea agreement in that case was not available to the district court at sentencing, and the court thus properly exercised its discretion in finding that it could not determine whether the plea was taken in accordance with the requirements of Boykin v. Alabama, 395 U.S. 238 (1969). Therefore, the court did not err in excluding the conviction from consideration as a predicate offense under the Sentencing Guideline career offender provisions.
 
 
 9
 Finally, the district court did not err by imposing an additional twenty-four month sentence for Leggett's violation of his supervised release terms. Upon examining the record, we believe that the district court was not clearly erroneous in finding "by a preponderance of the evidence that the [defendant] violated a condition of supervised release" imposed by the California state court. 18 U.S.C. Sec. 3583(e)(3). As Leggett's remaining contentions regarding his conviction and sentence are without merit, we affirm the judgment of the district court in all respects.
 
 
 10
 BATCHELDER, Circuit Judge, concurring in part and dissenting in part:
 
 
 11
 At Leggett's sentencing hearing, the government sought career offender status based on Leggett's two prior state convictions for crimes of violence. See U.S.S.G. Sec. 4B1.1 [Career Offenders and Criminal Livelihood]. The district court denied career offender status, and the government appealed. While I concur entirely with the majority's disposition of Leggett's claims,[1] I believe that United States v. McGlocklin, 8 F.3d 1037 (6th Cir.1993), a decision of the Sixth Circuit sitting en banc, mandates reversal of the district court's refusal to sentence Leggett as a career offender.
 
 
 12
 "[U]nder certain limited circumstances," a district court has the discretion to allow a defendant to attack, for sentencing purposes only, the constitutional validity of a prior state conviction. Id. at 1043-44. As a preliminary matter, McGlocklin permits a hearing on a collateral attack only after the defendant has adequately stated the grounds for the alleged constitutional invalidity of the prior conviction, as well as the means by which he expects to prove the invalidity. The Circuit wrote,
 
 
 13
 An example of a challenge that a court should entertain would be a challenge to a previously unchallenged felony conviction where the defendant was not represented by counsel, counsel was not validly waived, and court records or transcripts are available that document the facts.
 
 
 14
 Id. at 1045 (emphasis added). In this case, Leggett complained that the guilty plea which led to his 1983 conviction for armed robbery in Louisiana had been taken in violation of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). However, the plea agreement underlying the 1983 conviction was unavailable. Leggett argued that the missing plea agreement was indispensable to a determination of the constitutional validity of the 1983 conviction. The district court agreed and therefore rejected the conviction as a predicate offense for career offender status.
 
 
 15
 In so doing, the district court abused its discretion. The indispensability of the plea agreement was not before the district court, because the state judge had read the plea agreement into the record. The transcript of the plea hearing thus provided an adequate basis for review of the 1983 conviction's validity. That transcript reveals strict compliance with Boykin. See J.A. at 232-37. After conducting a hearing on the collateral attack, the district court should have found the evidence of the 1983 conviction "trustworthy enough to be used to enhance" Leggett's sentence. See McGlocklin, 8 F.3d at 1044.
 
 
 16
 Even if the record before the district court had been inadequate, however, such inadequacy would not have afforded a basis for excluding the conviction from the career offender calculus. A presumption of validity attaches to all prior state convictions which have not previously been adjudicated invalid. The burden of producing evidence for review of a prior conviction's constitutional validity falls on the defendant, not the government. Id. at 1045. Once the district court found the missing plea agreement indispensable, the court was bound to find that Leggett had failed to meet his burden of proffering evidence to support his challenge. See id. at 1040-41 ( discussing United States v. Roman, 989 F.2d 1117 (11th Cir.1993) (en banc ) (record offered by defendant to prove constitutional infirmity of prior state conviction insufficient to warrant hearing)).
 
 
 17
 In sum, McGlocklin compels the conclusion that the district court abused its discretion in refusing to count the 1983 conviction towards career offender status. The majority concludes otherwise. I respectfully dissent.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 In addition to the challenges addressed in the majority opinion, Leggett raised claims regarding (1) the district court's sua sponte order of a competency exam, (2) the Speedy Trial Act, (3) the denial of his motion to suppress evidence, (4) the government's obligation to disclose test results to the defendant, (5) the denial of his motion for a medical expert, (6) his discovery request of a government manual, (7) the sentence enhancement for obstruction of justice, (8) the base offense level, (9) the grouping of offenses for sentencing purposes, (10) the denial of his motion for a continuance, and (11) the failure of the state court, in 1983, to conduct an on-the-record inquiry into the factual basis of his plea. We considered these issues in turn and found each to be meritless