95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward James DEMAREY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2078.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Edward James Demarey, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Demarey of embezzling public money in violation of 18 U.S.C. § 641 and making false claims in violation of 18 U.S.C. § 1001. He was sentenced to 40 months of imprisonment. This court affirmed Demarey's conviction on appeal. While the appeal was still pending, Demarey filed the current motion to vacate, arguing that he was twice punished for the same offense because the government had seized weapons belonging to him and because the Veterans Administration had put a freeze on his pension prior to his conviction. Upon review of the government's response, the district court denied the motion as without merit and as premature.
 
 
 3
 Demarey has filed a timely appeal, reasserting his same claim. He also argues for the first time that he was twice punished for the same offense because his employer had demoted and then terminated him prior to his conviction.
 
 
 4
 Initially, it is noted that Demarey's new double jeopardy argument will not be reviewed in the first instance in this appeal. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 242-45 (6th Cir.1991). No exceptional circumstances are present in this case.
 
 
 5
 The district court properly denied Demarey's motion to vacate sentence as premature. Normally, absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's direct criminal appeal is pending. United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir.1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir.1979). Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes consideration of a § 2255 motion absent extraordinary circumstances. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Davis, 604 F.2d at 484. Here, Demarey's motion is premature because he admittedly filed his motion to vacate while his criminal appeal was still pending. Further, Demarey has not alleged any extraordinary circumstances warranting review of the claims raised in his motion, and none are otherwise apparent.
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.