

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2007

# USA v. Ford

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ford" (2007). *2007 Decisions.* Paper 1667.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1667

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-114                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5039
_____

UNITED STATES OF AMERICA

v.

KELVIN FORD

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. No. 04-cr-00562)
District Judge: Honorable Jerome B. Simandle
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 1, 2007

Before: Rendell, Smith and Jordan, Circuit Judges

(Filed February 6, 2007)

_____

OPINION
_____

PER CURIAM

In 2005, Kelvin Ford was convicted by a jury of bank robbery and related charges

in the United States District Court for the District of New Jersey. He was sentenced to a

total term of imprisonment of 38 years and four months. Following sentencing, Ford's

trial counsel filed a notice of appeal, which is currently pending in this Court. See United

States v. Ford, C.A. No. 05-4998.

In November 2006, Ford filed in the District Court a pro se "Motion for the Court to Take Judicial Notice," requesting that the court "vacate, and or dismiss count(s) II and IV . . . of his facially deficient superseding indictment due to the government's lack of proffered subject matter jurisdiction." The District Court dismissed the motion. It found that the filing of the notice of appeal divested it of subject matter jurisdiction and that Ford's motion, which essentially amounted to motion under 28 U.S.C. § 2255, was premature while his direct appeal is pending. The District Court also noted that the motion was procedurally flawed because Ford could not represent himself at the same time that he is represented by counsel. Ford filed a timely pro se notice of appeal.

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."[1] Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (citations omitted). See also Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 158 (3d Cir. 1998) ("[J]urisdiction that is originally and properly vested in the district court becomes vested in the court of appeals when a notice of appeal is filed."). As the Court explained in

---

[1] Although we have recognized exceptions to this rule, none apply here. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988) (noting that "[t]he district court retains jurisdiction [after the filing of a notice of appeal] . . . to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal, the granting of bail, and matters of a similar nature.").

<u>Venen</u>, this rule "has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." 758 F.2d at 121. The Court added that "[t]he rule is a judge-made, rather than a statutory, creation . . . [and thus, as] a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." <u>Id.</u> Notably, in the context of collateral attacks upon convictions, courts have concluded that there is no *jurisdictional* bar to a District Court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the District Court's efforts a nullity. <u>See</u>, <u>e.g.</u>, <u>United States v. Prows</u>, 448 F.3d 1223, 1228-29 (10th Cir. 2006); <u>Kapral v. United States</u>, 166 F.3d 565, 570-72 (3d Cir. 1999) (recognizing that "if . . . direct review is ongoing . . . the commencement of a simultaneous § 2255 proceeding would be inappropriate"). While a direct appeal is pending, a District Court may consider a § 2255 motion only in "extraordinary circumstances." <u>Womack v. United States</u>, 395 F.2d 630, 631 (D.C. Cir. 1968).

Ford's "Motion for the Court to Take Judicial Notice," like his direct appeal, seeks to challenge his conviction and sentence. Because of the possibility that disposition of the direct appeal may render the motion moot, the District Court properly refrained from adjudicating the motion. <u>See</u> <u>Feldman v. Henman</u>, 815 F.2d 1318, 1320-21 (9th Cir. 1987) (holding that a "District Court should not entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] . . . [because] disposition of the appeal

3

may render the [habeas corpus writ] unnecessary.").  Moreover, even if the District Court is not jurisdictionally barred from acting upon the motion, we cannot say that this case presents the type of extraordinary circumstance that would warrant simultaneous review.

Because this appeal presents us with no substantial question, see I.O. P. 10.6, we will summarily affirm the District Court's order.