

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2008

# USA v. Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Banks" (2008). *2008 Decisions.* Paper 1442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-123                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4485
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00176)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  BARRY, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>.

Opinion filed: March 14, 2008
_____

OPINION
_____

PER CURIAM

A jury sitting in the United States District Court for the Western District of

Pennsylvania found Frederick H. Banks guilty of mail fraud.  He was sentenced to sixty-

1

three months of imprisonment, to be followed by three years of supervised release. The District Court ordered this sentence to run consecutively to the five-year term Banks is serving for separate convictions. See United States v. Banks, 03-cr-00245 (W.D. Pa.). Banks filed a counseled notice of appeal, which is currently pending in this Court. See United States v. Banks, C.A. No. 06-1934.

Following the jury's verdict and the sentencing hearing, Banks made numerous pro se submissions in the District Court, including the two series of filings that are at issue here. In these documents, Banks offered various grounds for challenging his conviction.[1] The District Court denied relief. Banks filed a timely motion for reconsideration, which the District Court ordered stricken from the docket as frivolous. Banks appealed.

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."[2] Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (citations omitted); see also

---

[1] Banks also submitted a "Certified Promissory Note," ostensibly as payment for the restitution, fines, and assessments imposed as part of his sentences. The Clerk of the District Court returned the so-called promissory note, advising Banks that payment must be in the form of cash, check, or money order. Banks then filed a "Notice of Non-Acceptance and Discharge of Debt Restitution and Special Assessment Fees," contending the Clerk's action violated the Uniform Commercial Code and discharged his debt. The District Court directed the Clerk to strike the "Notice" as frivolous. To the extent that Banks now seeks to appeal from this order, we affirm.

[2] Although we have recognized exceptions to this rule, none apply here. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90 (3d Cir. 1988) (noting that "[t]he district court retains jurisdiction [after the filing of a notice of appeal] . . . to issue orders staying,

Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 158 (3d Cir. 1998) ("[J]urisdiction that is originally and properly vested in the district court becomes vested in the court of appeals when a notice of appeal is filed."). As the Court explained in Venen, this rule "has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." 758 F.2d at 121. The Court added that "[t]he rule is a judge-made, rather than a statutory, creation . . . [and thus, as] a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." Id. In the context of collateral attacks upon convictions, courts have concluded that there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity. See, e.g., United States v. Prows, 448 F.3d 1223, 1228-29 (10th Cir. 2006); Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir. 1999).

Banks' pro se submissions, like his counseled direct appeal, seek to challenge his conviction and sentence. Therefore, adjudication of Banks' direct appeal may render moot the issues raised in the pro se filings. Under these circumstances, the District Court properly rejected Banks' claims. See Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th

modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal, the granting of bail, and matters of a similar nature.").

Cir. 1987) (holding that a "district court should not entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] . . . [because] disposition of the appeal may render the [habeas corpus writ] unnecessary."). This case does not present the type of extraordinary circumstance that would warrant simultaneous review. See Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968).

Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm.[3]

---

[3] Banks' "motion opposing summary action" and his motion for appointment of counsel are denied.