**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL ANGEL MADRID-
BELTRAN,

Defendant-Appellant.

No. 07-4017
(D.Ct. No. 1:05-CR-128-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Miguel Angel Madrid-Beltran pled guilty to one count of

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

illegally reentering the United States in violation of 8 U.S.C. § 1326. The district court sentenced Mr. Madrid-Beltran to fifty-seven months imprisonment. He now appeals his sentence, claiming the district court erred in sentencing him to a term of imprisonment exceeding the two-year maximum penalty for illegal reentry following deportation under 8 U.S.C. § 1326(a) by enhancing his sentence sixteen levels for a prior felony conviction. In making his argument he suggests any facts raising the maximum penalty must be alleged in the indictment and proved at trial. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm his sentence.

I. Background

On October 12, 2005, an indictment issued against Mr. Madrid-Beltran on one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326. The same day, the government filed a notice of sentencing enhancement, advising Mr. Madrid-Beltran his sentence would be enhanced based on a prior conviction for an aggravated felony and thereby would result in a sentence of imprisonment of not more than twenty years under 8 U.S.C. § 1326(b). The notice listed both a 1999 conviction for possession of methamphetamine and a 2000 conviction for a threat to commit a crime, for which he received a twenty-four-month sentence to run concurrently with his twenty-four-month sentence following revocation of his term of probation in the methamphetamine possession case. Mr. Madrid-Beltran

entered a written plea agreement, pleading guilty to the one-count indictment. He also filed a statement in advance of the plea, in which he indicated his attorney had explained, and he understood, not only the nature of the charges against him and his right to a trial, but the consequences associated with pleading guilty. He also acknowledged and certified he was advised of and understood the maximum term of imprisonment was twenty years. At his plea hearing Mr. Madrid-Beltran made the same acknowledgments and pled guilty to the charge against him.

After Mr. Madrid-Beltran pled guilty, the probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set Mr. Madrid-Beltran's base level at eight under U.S.S.G. § 2L1.2(a) for unlawfully reentering the United States. The probation officer then increased the base level by sixteen levels under § 2L1.2(b)(1)(A)(ii) based on Mr. Madrid-Beltran's prior aggravated felony conviction for "Making Terroristic Threats" against another, which caused the victim to fear for her physical safety, thereby constituting a "crime of violence" for the purpose of applying the enhancement. The probation officer also recommended a three-level downward adjustment for acceptance of responsibility. Mr. Madrid-Beltran's total offense level of twenty-one, together with his criminal history category of IV, resulted in a Guidelines sentencing range

-3-

of fifty-seven to seventy-one months imprisonment. The presentence report also noted the maximum term of imprisonment was twenty years under 8 U.S.C. § 1326(b)(2).

Mr. Madrid-Beltran filed only one objection to the presentence report, contesting the maximum punishment for his offense was twenty years under 8 U.S.C. § 1326(b) and claiming his offense of illegal reentry only warranted a maximum punishment of two years under 8 U.S.C. § 1326(a). In making his objection, Mr. Madrid-Beltran noted the indictment did not charge him with the prior conviction and he did not admit to the existence of that conviction as an element of his instant crime when he pled guilty. While he acknowledged Supreme Court and Tenth Circuit precedent resolved the issue against his position, Mr. Madrid-Beltran indicated he raised the issue to preserve it for future appeal.

At the May 30, 2006 sentencing hearing Mr. Madrid-Beltran raised the same objection, which the district court rejected. After reviewing letters and other materials on Mr. Madrid-Beltran's behalf; considering the presentence report, the factors set forth in 18 U.S.C. § 3553(a), and the Guidelines range; and hearing Mr. Madrid-Beltran's statement to the court, the district court determined a reasonable sentence was at the low end of the Guidelines sentencing range at

fifty-seven months imprisonment, with credit for time served starting on October 4, 2005.

Mr. Madrid-Beltran now appeals his sentence on essentially the same grounds as raised before the district court, claiming it erred in sentencing him to a term of imprisonment exceeding the two-year maximum penalty by enhancing his sentence sixteen levels for his prior felony conviction. In making his argument, he again suggests any facts which raise his sentence beyond the two-year maximum penalty are an element of the offense which must be alleged in the indictment and proved at trial. He again concedes prior Supreme Court and Tenth Circuit precedent foreclose his claim, but continues to preserve his argument for future appeal. Other than this claim, Mr. Madrid-Beltran does not suggest his sentence is unreasonable under the sentencing factors in 18 U.S.C. § 3553(a).

## II. Discussion

We review the legality of a sentence *de novo*. *See United States v. Prows*, 448 F.3d 1223, 1226 (10th Cir. 2006). We begin by acknowledging 8 U.S.C. § 1326(a) proscribes a maximum sentence of two years for the offense of illegal reentry. However, § 1326(b)(2) sets a maximum penalty of twenty years if, as here, the defendant possesses a prior aggravated felony conviction. Similarly, § 2L1.2(b)(1)(A)(ii) provides a sixteen-level sentencing enhancement if the

-5-

defendant was deported after committing a crime of violence.[1]

In *Almendarez-Torres v. United States*, the Supreme Court held the existence of a prior conviction is merely a sentencing factor and not a separate element of the offense which must be pled in an indictment charging a violation of 8 U.S.C. § 1326. *See* 523 U.S. 224, 228-35 (1998). As a result, for the twenty-year maximum in § 1326(b) to apply, the Supreme Court and this court have determined the government is not required to allege in the indictment the fact or existence of a prior aggravated felony conviction. *Id.* at 226-27; *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000). We have also determined the holding in *Almendarez-Torres* continues to stand following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005). Until the Supreme Court overrules *Almendarez-Torres*, this court is bound by such precedent. *See Moore*, 401 F.3d at 1224. Thus, in the instant case, we hold prior precedent fully forecloses Mr. Madrid-Beltran's argument on appeal.[2]

---

[1] A "crime of violence," for the purposes of § 2L1.2(b)(1)(A)(ii), is defined as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). In this case, Mr. Madrid-Beltran's crime of making terroristic threats, causing another to fear for her physical safety, was considered a crime of violence.

[2] In addition, we note in this case the government filed, on the same day as
(continued...)

Finally, Mr. Madrid-Beltran raises no additional argument regarding the reasonableness of his fifty-seven-month sentence and nothing in the record persuades us otherwise. Having reviewed for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a), we find no nonfrivolous basis for challenging the sentence imposed. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). The district court in this case explicitly considered the factors in § 3553(a), and a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, which Mr. Madrid-Beltran has not rebutted. *See id.* at 1053-55.

### III. Conclusion

For these reasons, we **AFFIRM** Mr. Madrid-Beltran's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[2](...continued)
the indictment, a notice of sentencing enhancement advising Mr. Madrid-Beltran it intended to enhance his sentence with his prior conviction and that Mr. Madrid-Beltran acknowledged and certified he was advised and understood the maximum term of imprisonment was twenty years when he entered his statement in advance of his guilty plea.