**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

v.

DARRELL DEAN PROWS, also
known as Darrell D. Prows, also
known as D. Dean Prows,

      Defendant - Appellee.

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DARRELL DEAN PROWS, also
known as Darrell D. Prows, also
known as D. Dean Prows,

      Defendant - Appellant.

Nos. 05-4164

No. 05-4242

---

**Appeals from the United States District Court**
**for the District of Utah**
**(D.C. Nos. 2:04-CR-102-BSJ and 2:05-CV-494-BSJ)**

---

Darrell D. Prows, filed a brief *pro se.*

Madeline S. Cohen, Assistant Federal Public Defender, Denver, Colorado and
Scott Keith Wilson, Assistant Federal Public Defender, Salt Lake City, Utah

(Raymond P. Moore, Federal Public Defender, Denver, Colorado, and Steven B. Killpack, Federal Public Defender, Salt Lake City, Utah with them on the briefs), for Defendant.

Andrew A. Vogt and Suneeta Hazra, Assistant United States Attorneys (William J. Leone, United States Attorney, with them on the briefs), Denver, Colorado, for Plaintiff.

---

Before **TACHA**, Chief Judge, **BALDOCK** and **KELLY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

We have consolidated these appeals for both argument and disposition. In 05-4164, the government appeals the sentence imposed upon Defendant-Appellee Darrell Dean Prows following Mr. Prows' conviction by a jury on two counts of mail fraud under 18 U.S.C. § 1341. The district court sentenced Mr. Prows to forty-one months imprisonment, but stayed execution of that sentence, and instead placed him on five years probation. The district court also ordered Mr. Prows to pay $100,000 in restitution. Finally, upon compliance with the terms and conditions of probation, the custodial sentence of forty-one months would be vacated.

The government raises three arguments on its appeal: (1) the suspended execution of Mr. Prows' sentence is contrary to law because the 1984 Sentencing Reform Act repealed the prior statutory authority to suspend sentences; (2) Mr. Prows was convicted of a class B felony and therefore is not entitled to probation

2

under 18 U.S.C. § 3561(a)(1); and (3) the district court's sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005).

In 05-4242, Mr. Prows, following the grant of a certificate of appealability (COA) by this court, appeals seeking reversal of the district court's order dismissing his motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. In his motion, the sole basis for relief is ineffective assistance of trial counsel. The district court dismissed the motion without prejudice, because it was premature and not signed by counsel. This court granted Mr. Prows a COA on two issues: (1) whether his motion was premature; and (2) whether he was required to have his counsel of record sign his motion. Our jurisdiction over these appeals arises under 18 U.S.C. § 3742(b) and 28 U.S.C. §§ 1291 and 2253(a). We remand for resentencing, and we reverse the district court's dismissal of Mr. Prows' § 2255 motion.

## Background

In 1985, Mr. Prows was convicted on drug trafficking charges in the Northern District of Florida and was sentenced to twenty-five years in prison and ordered to pay a $125,000 fine. Mr. Prows was released in 1993, whereupon the United States Attorney's office for the Northern District of Florida perfected the judgment against Mr. Prows by filing a judgment lien in Salt Lake County, Utah, for $125,000. Mr. Prows was under parole supervision until 2000, and when the

3

supervision ended, he was still liable for approximately $115,838.04. In 1998, Mr. Prows obtained a loan and mortgage for the purpose of purchasing a home in Salt Lake City. When the title company discovered an outstanding notice of lien against him that had been filed by the government, Mr. Prows apparently informed the title company through a signed affidavit that he was not the same person named therein. The title company, absent any additional verification, accepted Mr. Prows' story.

Mr. Prows "successfully" utilized this same story a few more times – once to refinance his house, then again to buy out a co-resident, and lastly to consolidate other financial obligations. The government discovered that Mr. Prows had purchased a home, and recognized that its judgment lien had priority as against the mortgage company. On February 18, 2004, Mr. Prows was named in a four-count indictment charging false statements to a financial institution in violation of 18 U.S.C. § 1014, and three counts of mail fraud in violation of 18 U.S.C. § 1341. Two counts of the indictment were dismissed by the court upon Mr. Prows' motion.

Following a jury trial, Mr. Prows was convicted of two counts of mail fraud. After several sentencing hearings, and the receipt of numerous memoranda by both parties, the district court decided to "try an experiment," see I Aplt. App. at 226, and sentenced Mr. Prows as indicated above. On appeal, the government contends that the district court erred because courts can no longer stay the

4

execution of sentences, and that because Mr. Prows' convictions include a class B felony, probation is not a sentencing option. In addition, the government argues that under Booker, the sentence is unreasonable. The parties agree that a remand is required, and we thus decline to address the other issues.

**Discussion**

A.  05-4164

We review the legality of a sentence de novo. United States v. Price, 75 F.3d 1440, 1446 (10th Cir. 1996). As an initial matter, we note that the parties agree that the district court is without authority to stay the execution of Mr. Prows' sentence. See 05-4164 Aplt. Br. at 8; 05-4164 Aplee. Br. at 6. We come to the same conclusion because the 1984 Sentencing Reform Act repealed the prior statutory authority to stay sentences. As such, the district court must resentence Mr. Prows.

On remand, it will be incumbent upon the district court to determine whether Mr. Prows is eligible for probation if it intends to resentence in a manner similar to the original sentence. The government argues that Mr. Prows was convicted on one count of mail fraud affecting a financial institution, and the statutory penalty for such a crime extends to thirty years in prison, see 18 U.S.C. § 1341. According to the government, then, it follows that Mr. Prows has been

5

convicted of a class B felony under 18 U.S.C. § 3561(a)(1) and is ineligible for probation. See 18 U.S.C. § 3559(a)(2) (offense is classified as a Class B felony if maximum term of imprisonment authorized is twenty five years or more). Mr. Prows argues that he was only convicted of two counts of simple mail fraud, and that because as of the time of his offense conduct the statutory maximum for such simple fraud was only five years,[1] that he was only convicted of two Class D felonies, and that there is no statutory exclusion from probation. See 18 U.S.C. § 3559(a)(4) (defining Class D felonies).

The appendix filed in this case does not contain the materials necessary to review this issue. While the Pre-Sentence Report seems to indicate that Mr. Prows was convicted of *two* counts of mail fraud on a financial institution based on the time of imprisonment suggested, see II Aplt. App. at 1, there was at some point prior to the submission of the case to the jury an amendment to the indictment, and we are unable to pronounce with certainty on which counts Mr. Prows was actually convicted because the government, for reasons quite beyond our ken, decided to supply us with neither that amended indictment nor the jury instructions. Consequently, the district court shall have to resolve this issue. We do observe that the government, as the appellant, had the responsibility to "file an appendix sufficient for considering and deciding the issues on appeal." 10th Cir.

---

[1]The statutory maximum was amended in 2002 to extend to ten years. 18 U.S.C. § 1341.

6

R. 30.1(A)(1).

B.     05-4242

On his appeal, Mr. Prows argues that the district court erred in dismissing his motion as premature, and that an attorney signature is not required when a defendant is unrepresented, as he effectively was at the time of the filing of his § 2255 motion.  The government contends that Mr. Prows' motion is premature because it filed a direct appeal from the sentence imposed by the district court, 18 U.S.C. § 3742(b), and thus the district court is without jurisdiction to conduct a hearing on the § 2255 motion.  The government argues that the relief sought in either proceeding is a vacation of the district court's judgment.  Further, the government argues that Mr. Prows was required to have his § 2255 motion signed by his counsel of record.

The government first asserts that Mr. Prows' conviction is not final because the government's direct appeal was timely and is still pending.  In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.  Clay v. United States, 537 U.S. 522, 527 (2003).  If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

7

Notwithstanding the above concept of finality, as we discuss below, there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending, though it should only do so in extraordinary circumstances given the potential for conflict with the direct appeal. That potential for conflict does not appear to exist in this case–here, the only avenue Mr. Prows has for his ineffective assistance claim is through collateral relief, see Massaro v. United States, 538 U.S. 500, 504 (2003), and he does not seek the same relief in any direct appeal.

There is no question that Mr. Prow's sentence is a final order vis-a-vis the district court, and the government is appealing it pursuant to 18 U.S.C. § 3742(b). Similarly, there is no question that the order dismissing Mr. Prows' § 2255 motion is final, and appealable. See Landmark Land Co. of Okla., Inc. v. Buchanan, 874 F.2d 717, 720 (10th Cir. 1989) (taking a practical approach and noting that the dismissal of a complaint "based upon a defect that *cannot be cured by amendment* is an appealable order") (emphasis supplied), abrogated on other grounds by, Federal Lands Legal Consortium ex rel. Robart Estate v. United States, 195 F.3d 1190 (10th Cir. 1999). We plainly have jurisdiction.

Furthermore, we agree with Mr. Prows that there are cases where this dual posture has occurred. See e.g., United States v. Pelullo, 399 F.3d 197, 202 (3d Cir. 2005) ("We have jurisdiction over the government's appeal under 18 U.S.C. § 3731 and Pelullo's appeal under 28 U.S.C. §§ 2253, 2255."); Pfeiffer v. United

8

States, 234 F.3d 1262, *2 (2d Cir. 2000) (unpublished) ("The Government appealed the reduced sentence, and Pfeiffer filed a motion pursuant to Section 2255 seeking a new trial and claiming that his trial counsel . . . had a conflict of interest."). Although a notice of appeal generally divests a district court of jurisdiction over the issues on appeal, the district court retains jurisdiction to consider certain collateral matters. Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998) (sanctions); United States v. Meyers, 95 F.3d 1475, 1489 n.6 (10th Cir.1996) (release pending appeal); Fed. R. App. P. 4(b)(5) (motion for correction of sentence under Fed. R. Crim. P. 35(a)). Additionally, we find it more than a little peculiar to announce a rule whereby the government itself can withdraw jurisdiction from the district court by filing, as it has here, a direct appeal *after* a defendant files a § 2255 motion and a notice of appeal is not filed by the defendant.

Moreover, our sister circuits have made it abundantly clear that "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002) (emphasis in original); see also Derango v. United States, 864 F.2d 520, 522 (7th Cir. 1988); United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968). As the Second Circuit correctly noted, the relevant concern with dual proceedings is not one of jurisdiction, but rather one of judicial economy. Outen, 286 F.3d at 632.

9

Indeed, our own circuit has held that there is no ipso facto bar to a district court adjudication of a § 2255 motion during the pendency of a direct appeal, particularly where "extraordinary circumstances" exist. Cook, 997 F.2d at 1319; see also Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, advisory committee note. We think that such circumstances exist here, especially in light of the complete dichotomy between the issues raised by the government on direct appeal and those raised by Mr. Prows in his § 2255 motion, as well as the fact that the government could effectively keep Mr. Prows in custody for years while it exercises its appellate rights.

The government next argues that both the direct appeal and the collateral action cannot proceed simultaneously. In support, the government relies upon situations where the *defendant* has sought to pursue multiple actions, i.e., both a direct appeal and a collateral proceeding. See e.g., Cook, 997 F.2d at 1318-19 (stating general rule that a defendant may not simultaneously pursue direct and collateral relief). The reason for such a rule in those circumstances is obvious – § 2255 cannot do service for issues that can be raised on direct appeal. But here, the sentencing appeal of the government, contending that the district court erred in suspending the sentence and granting probation, raises a completely different and non-overlapping issue than that raised by Mr. Prows in the § 2255 motion – ineffective assistance of trial counsel. To the extent that resolution of the government's direct appeal directly implicated issues contained in the § 2255

10

motion based upon ineffective assistance of counsel, a district court could exercise its discretion to stay the § 2255 motion. Cf. Rhines v. Weber, 544 U.S. 269 (2005) (district court has discretion to stay § 2254 proceeding pending exhaustion).

Finally, Mr. Prows was not required to have his § 2255 motion signed by counsel, because he had none, at least for this purpose, i.e., filing a §2255 motion. Though the government notes that the Utah Federal Public Defender had been appointed to represent Mr. Prows, nothing suggests that the appointment extended to such representation. See 18 U.S.C. § 3006A(a)(2)(b) (allowing appointment of counsel in § 2255 proceeding in the interests of justice); Rules Governing § 2255 Proceedings for the United States District Courts, Rule 8(c) (requiring appointment for evidentiary hearing). Indeed, there is no right to counsel in collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and as such, a pro se petition suffices in this context. Lastly, to require Mr. Prows' trial counsel to sign this petition would effect an end-run on the notion that such claims are, as a practical matter, better suited for collateral proceedings. See Massaro, 538 U.S. at 504-505.

REMANDED for RESENTENCING. The dismissal without prejudice of the § 2255 motion is REVERSED.

11