**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRES CARMONA-MIRANDA,

Defendant-Appellant.

No. 06-2147

(D.C. No. CV-05-0484-RB/WDS)
(D.C. No. CR-05-0720-RB)
(D. New Mexico)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Andres Carmona-Miranda, appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's order dismissing without prejudice his 28 U.S.C. § 2255 motions to vacate, modify, or set aside his sentence. Because Carmona-Miranda has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

On April 6, 2005, Carmona-Miranda was indicted on one count of illegal reentry into the United States following deportation after conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). While the charge was still pending, Carmona-

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Miranda filed three motions with the district court: a motion to dismiss the indictment and two motions for relief pursuant to 28 U.S.C. § 2255. In all three motions, Carmona-Miranda alleged that he had been improperly deported in absentia on October 3, 2000. On February 2, 2006, following the denial of his motion to dismiss the indictment, Carmona-Miranda entered a conditional plea of guilty, specifically reserving the right to appeal the district court's denial of that motion. On March 10, 2006, prior to sentencing, the magistrate judge assigned to the case recommended that Carmona-Miranda's § 2255 motions be dismissed without prejudice. In doing so, the magistrate judge concluded that the issues asserted in the § 2255 motions were identical to the issues raised in Carmona-Miranda's motion to dismiss the indictment, and thus could properly be raised on direct appeal by Carmona-Miranda. The district court subsequently adopted the magistrate judge's recommendation, dismissed the § 2255 motions without prejudice, and denied Carmona-Miranda's request for a COA. Carmona-Miranda has now renewed his request for a COA with this court.

Where, as here, a district court denies a § 2255 motion on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We conclude that Carmona-Miranda cannot satisfy this latter requirement. To begin with, Carmona-Miranda filed his § 2255 motions before he was sentenced by the district court. Thus, Carmona-Miranda failed to satisfy the threshold requirement of § 2255 that he be "in custody under

sentence of a court established by Act of Congress . . . ." 28 U.S.C. § 2255.  Even ignoring this problem, Carmona-Miranda failed to establish any "extraordinary circumstances" that would have justified the district court ruling on the § 2255 motions, rather than requiring Carmona-Miranda to pursue a direct appeal following sentencing.  United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006).  Indeed, the precise issues raised in Carmona-Miranda's § 2255 motions had already been decided by the district court in denying Carmona-Miranda's motion to dismiss the indictment.  Thus, the proper course, as noted by the district court, was for Carmona-Miranda to pursue a direct appeal following sentencing.

The request for a COA is DENIED and the matter is DISMISSED.  The motion to proceed *in forma pauperis* is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

3