FILED
United States Court of Appeals
Tenth Circuit

June 2, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARRELL DEAN PROWS, also
known as Darrell D. Prows, also
known as D. Dean Prows,

    Defendant-Appellant.

No. 06-4298
(D.C. Nos. 2:05-CV-494-BSJ and
2:04-CR-102-BSJ)
(D. Utah)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Darrell Dean Prows, appearing pro se, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) to

challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence, based on his claim of ineffective assistance of

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

counsel. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing

Mr. Prows's filings liberally,[1] we hold that no reasonable jurist could conclude

that the district court's ruling was incorrect. *See Slack v. McDaniel*, 529 U.S.

473, 484 (2000). Accordingly, we **DENY** Mr. Prows's application for a COA and

**DISMISS** his appeal.

## I. BACKGROUND

The facts of this case are set forth in our earlier opinion of *United States v.*

*Prows*, 448 F.3d 1223 (10th Cir. 2006), and need only be summarized here.

Following a 1985 drug conviction in the Northern District of Florida, for

which Mr. Prows was ordered to pay a $125,000 fine, the U.S. Attorney's office

for that district filed a judgment lien in Salt Lake County, Utah, to perfect that

judgment against Mr. Prows. When Mr. Prows bought a home in Utah, and also

when he subsequently refinanced his home, the title company noted the

outstanding government lien. However, each time this happened, Mr. Prows

assured the title company, through a signed affidavit, that he was not the same

person identified in the lien. Based on his false statements in these affidavits,

Mr. Prows was convicted on two counts of mail fraud.

---

[1] Because Mr. Prows is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

## II. DISCUSSION

In reviewing a denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006). When, as here, the claim is for ineffective assistance of counsel, which presents a mixed question of law and fact, we review the claim de novo. *Id.*

To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to make either of these showings is dispositive. *Orange*, 447 F.3d at 797. To demonstrate that the performance was deficient, the defendant must show that, considering all the circumstances, "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

Counsel's performance "must have been completely unreasonable, not merely wrong." *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)). This review of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689. To demonstrate that the performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.*

Mr. Prows makes numerous assertions to support his claim that his trial attorney was ineffective. He claims that his attorney had a "psychotic episode," witnessed by the district court, was "mentally incompetent" when he represented Mr. Prows at trial, and would often discuss matters irrelevant to his representation of Mr. Prows. Application for COA, filed Feb. 22, 2007, at 3-4a; R., Vol. I, Doc. 1, Statement of Facts, at 2 (§ 2255 Motion, filed June 13, 2005). He also argues that his attorney should have presented a number of arguments at trial but failed to do so, even after promising Mr. Prows that he would.

However, there is no evidence that Mr. Prows's attorney's performance was deficient at trial. Mr. Prows asserts that his attorney should have presented information (a) suggesting that one government witness, whose testimony was "the vast majority of the government's case," was fabricating her testimony; (b) indicating that Mr. Prows had "sufficient legal skills to win cases in the United States Supreme Court"; and (c) challenging the testimony of various other government witnesses. R., Vol. I, Doc. 1, Statement of Facts, at 2, 4, 7-10. Mr. Prows claims that his attorney represented that he would present evidence to that effect and that he failed to do so.

Yet, attorneys have wide latitude in making tactical decisions. *Strickland*, 466 U.S. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The fact that Mr. Prows's attorney may have

decided not to make the exact arguments that Mr. Prows desired, standing alone, would not demonstrate that the attorney's decisions were so completely unreasonable as to constitute ineffective assistance. Mr. Prows's assertions that his attorney was "mentally incompetent" are not enough to support his claims. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Furthermore, there is evidence that Mr. Prows's attorney did actually attempt to present the evidence as promised, but rulings by the district court precluded him from fully exploring these issues at trial. Accordingly, any failure to fully present the arguments cannot be attributed to Mr. Prows's attorney's professional judgment.

Even if we were to assume that Mr. Prows's attorney's actions were completely unreasonable, Mr. Prows would still be unable to demonstrate that these actions were so prejudicial as to undermine confidence in the outcome. *See Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. As the district court correctly noted, none of the arguments Mr. Prows believes should have been made would have undermined the government's proof as to the

essential elements of mail fraud. Accordingly, Mr. Prows cannot meet the second element of the *Strickland* standard.[2]

For the reasons stated above, Mr. Prows's request for a COA is **DENIED** and his appeal is **DISMISSED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[2] Mr. Prows also argues that his appellate counsel was ineffective. He did not raise this claim in his original § 2255 motion but instead filed a motion with the district court labeled, "Suggestion for Adding Another Issue to the Pending 2255 Motion." R., Vol. I, Doc. 24. The district court did not address Mr. Prows's filing at any time prior to or in its order denying Mr. Prows's § 2255 motion. Even assuming *arguendo* that Mr. Prows has properly preserved this contention for our review, he cannot prevail on it.

Mr. Prows argues that counsel was ineffective in conceding, when the government appealed his suspended sentence, that the district court was without power to suspend the sentence. To prove ineffective assistance of appellate counsel, Mr. Prows must demonstrate a *Strickland* violation as discussed *supra*. *See Coronado v. Ward*, 517 F.3d 1212, 1216 (10th Cir. 2008). The record does not support such a showing. "[E]ven if a defendant shows that particular errors of counsel were unreasonable, [] the defendant must show that they actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. Mr. Prows cannot demonstrate that his appellate attorney's concession had such an adverse impact. Our decision to remand for resentencing in the government's appeal was not based on Mr. Prows's counsel's concession. Rather, we stated, "We come to the same conclusion [as Mr. Prows's attorney and the government] because the 1984 Sentencing Reform Act repealed the prior statutory authority to stay sentences." *Prows*, 448 F.3d at 1226-27. Accordingly, Mr. Prows is unable to meet the *Strickland* standard.