FILED
United States Court of Appeals
Tenth Circuit

March 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CLYDE E. SAVAGE,

        Petitioner - Appellant,

v.

TRAVIS TRANI,* Warden, Limon
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 08-1358
(D. Colorado)
(D.C. No. 1:07-CV-01419-ZLW-MEH)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

     Proceeding *pro se*, Clyde Savage seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the habeas petition he filed

pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Savage's motion to proceed in forma pauperis is

**granted**.

---

    *Pursuant to Fed. R. App. P. 43(c)(2), Travis Trani is substituted for Steven
Hartley as Warden of the Limon Correctional Facility, effective September 2008.

In June 1988, a Colorado jury convicted Savage of first degree murder in the shooting death of a twelve-year-old boy. Savage was sentenced to life imprisonment with the possibility of parole. Savage's conviction was affirmed on direct appeal. He then sought state post-conviction relief, filing a motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure wherein he alleged his trial attorneys (1) failed to call or properly use expert witnesses, especially in the area of ballistics and (2) pursued a frivolous "alternate suspect" defense. When that motion was denied, Savage filed a second state post-conviction motion claiming the prosecution suppressed exculpatory evidence and reasserting his ineffective assistance of counsel claim. The second post-conviction motion was also denied.

Savage filed the instant § 2254 application on July 6, 2007. He raised two claims in his application: (1) he was denied his constitutional right to due process because the ballistics expert who testified at his trial committed perjury, and (2) his trial counsel was ineffective for basing his defense on an alternate suspect theory. The district court denied relief, concluding Savage's claims were procedurally barred because they were not exhausted in the Colorado state proceedings[1] and Savage failed to demonstrate cause and prejudice for the default

---

[1]Although Savage raised the ineffective assistance claim in his first post-conviction motion, he appealed its denial only on the basis that the Colorado trial court made inadequate findings to support its ruling. He did not appeal the trial court's substantive ruling.

or establish that a fundamental miscarriage of justice would occur if the merits of the claims were not addressed. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

This court cannot grant Savage a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Savage has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Savage is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Savage's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Savage is not entitled to a COA. Savage's argument that he can establish cause and prejudice to overcome the procedural bar by showing he received ineffective assistance from the attorney who represented him in his state post-conviction

proceedings is unavailing because there is no right to counsel in post-conviction proceedings. *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006).

The district court's resolution of Savage's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Savage has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Savage's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge