FILED
United States Court of Appeals
Tenth Circuit

May 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THANH TRAN,

      Petitioner-Appellant,

v.

ARISTEDES ZAVARES, Executive
Director; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 08-1328

(D.C. No. 08-cv-0107-ZLW-BNB)
(N. D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

      Thanh Tran, a Colorado state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2254 application for federal habeas relief.  Because Tran has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss

the matter.

I

      On February 23, 1996, Tran was convicted in the District Court of Jefferson

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

County, Colorado, of five counts of aggravated robbery, one count of second degree burglary, one count of third degree assault, five counts of crime of violence, and five counts of accessory to the crime of aggravated robbery. Tran was sentenced to a total of fifty years' imprisonment, comprised of consecutive ten-year sentences on each of the aggravated robbery counts, and lesser concurrent sentences on the remaining counts of conviction. Tran's convictions and sentences were affirmed on direct appeal by the Colorado Court of Appeals. People v. Tran, No. 96CA0855 (Colo. Ct. App. Nov. 28, 1997). The Colorado Supreme Court denied certiorari review on August 26, 1998. Tran did not file a petition for writ of certiorari with the United States Supreme Court.

On December 23, 1998, Tran filed with the state trial court a motion for reduction of sentence pursuant to Colo. R. Crim. P. 35(b). The state trial court denied Tran's motion on March 16, 1999. Tran did not appeal that ruling.

On August 23, 2001, Tran filed with the state trial court a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c). The state trial court denied Tran's motion on December 10, 2001. On March 31, 2003, the Colorado Court of Appeals affirmed the state trial court's denial of Tran's motion. People v. Tran, No. 02CA0121 (Colo. Ct. App. March 27, 2003). Tran did not petition the Colorado Supreme Court for certiorari review, and the mandate issued on June 2, 2003.

On July 29, 2005, Tran filed with the state trial court a second motion for

2

postconviction relief pursuant to Colo. R. Crim. P. 35(c). The state trial court denied Tran's motion on September 29, 2005. On May 17, 2007, the Colorado Court of Appeals affirmed the trial court's ruling. People v. Tran, No. 05CA2460 (Colo. Ct. App. May 17, 2007). The Colorado Supreme Court denied certiorari review on October 29, 2007, and a mandate was issued on November 5, 2007.

On January 16, 2008, Tran initiated this action by filing a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tran alleged three claims for relief in his application: (1) insufficient evidence to support his aggravated robbery convictions; (2) a Sixth Amendment claim arising out of the sentences imposed for his aggravated robbery convictions; and (3) a double jeopardy claim arising out of those same sentences. On July 11, 2008, the district court issued an order dismissing Tran's application as time-barred. In doing so, the district court noted

> that the one-year limitation period [set forth in 28 U.S.C. § 2244(d)] began to run on November 25, 1998, the day after [Tran's] conviction and sentence became final. Mr. Tran did not have a postconviction motion pending in state court from November 25, 1998, until December 22, 1998, from May 1, 1999, until August 22, 2001, from May 15, 2003, until July 28, 2005, and from November 16, 2007, until December 25, 2007, a total time of over four years.

ROA, Doc. 18 at 8. Although Tran had argued that he was entitled to equitable tolling on the grounds that he was unaware of the filing requirements, he was diligent in pursuing his claims, and there was no prejudice to respondents, the district court rejected each of those assertions.

3

Tran filed a timely notice of appeal. The district court construed Tran's notice of appeal as a request for COA and denied that request. Tran has now renewed his request for COA with this court. Tran has also filed with this court a motion for leave to proceed on appeal in forma pauperis (IFP).

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

4

The district court in this case correctly outlined the controlling standards for assessing the timeliness of an application for federal habeas relief. As it noted, Congress has "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is, however, tolled by "[t]he time during which a properly filed application for State post conviction relief . . . is pending." Id. § 2244(d)(2). Finally, the limitations period may also, in rare circumstances, "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

After reviewing the record on appeal, we fully agree with the district court that Tran's application for federal habeas relief was filed well past the expiration of the one-year limitations period, and we conclude that no reasonable jurist could find it debatable whether the district court was correct in its procedural ruling. Further, we reach the same conclusions with regard to the district court's rejection of Tran's request for equitable tolling. Although Tran now alleges in

5

his appellate pleadings that the delay in filing his federal habeas application was the result of his retained attorneys being negligent in their pursuit of his state postconviction efforts, we find no merit to his arguments in this regard. Aside from the fact that there is no right to counsel in postconviction proceedings, United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006), the record on appeal clearly establishes that Tran himself failed to pursue federal habeas relief in a diligent manner.

Accordingly, the request for a COA is DENIED and the appeal is DISMISSED. Tran's motion for leave to proceed IFP on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge