**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CORNELIUS DYCK-QUIRING,

Defendant-Appellant.

No. 11-3015
(D.C. Nos. 5:10-CV-04089-SAC and
5:06-CR-40153-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

---

Cornelius Dyck-Quiring, a federal prisoner proceeding pro se, requests a

Certificate of Appealability ("COA") to appeal the district court's denial of his motion for

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

relief brought under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Dyck-Quiring's motion is time-barred, and therefore DENY his request for a COA and DISMISS this appeal.

## BACKGROUND

Dyck-Quiring pled guilty to possession with intent to distribute methamphetamine. On July 31, 2007, the district court entered judgment, sentencing Dyck-Quiring to 108 months' imprisonment. Dyck-Quiring did not file a direct appeal from the court's judgment. However, on July 30, 2010, Dyck-Quiring filed a motion attacking his sentence under 28 U.S.C. § 2255, arguing, inter alia, that he was denied effective assistance of counsel because his attorney failed to file a direct appeal on his behalf.

On December 2, 2010, the district court denied Dyck-Quiring's motion. The court concluded that Dyck-Quiring's motion was time-barred in light of the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that Dyck-Quiring had not set forth any argument that this limitations period should be equitably tolled. Dyck-Quiring now seeks a COA from this Court, asserting the same allegations he made below regarding his counsel's conduct.[1]

---

[1] Because Dyck-Quiring is proceeding pro se, we construe his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**DISCUSSION**

A defendant must obtain a COA in order to appeal a district court's denial of a motion brought under 28 U.S.C. § 2255.  28 U.S.C. § 2253(c)(1)(B).  In order to obtain a COA where "the district court denie[d] a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a defendant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008).  This Court may reach the procedural component of this inquiry as a threshold matter.  Slack, 529 U.S. at 485.

In this case, we do not see any possible debate in the district court's procedural conclusion.  A defendant has one year from the date his judgment of conviction becomes final to file a motion for relief under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(f).[2]  Here, because Dyck-Quiring did not file a direct appeal, his judgment of conviction became final on August 14, 2007.  See United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App.

---

[2] 28 U.S.C. § 2255(f) lists other potential dates on which the limitations period may begin to run, but Dyck-Quiring does not argue that any of these dates apply here.

3

P. 4(b)(1)(A) (2006) (providing, as relevant here, that a notice of appeal in a criminal case must be filed within 10 days of the entry of judgment). Dyck-Quiring filed his § 2255 motion on July 30, 2010, well after the one-year limitations period under AEDPA expired. Moreover, we agree with the district court that Dyck-Quiring "offers no arguments or circumstances in support of equitable tolling" of the limitations period. (Doc. 35 at 4.)

## CONCLUSION

For the foregoing reasons, we DENY Dyck-Quiring's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge