FILED
United States Court of Appeals
Tenth Circuit

September 14, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ROBERTO CORTEZ, SR.,

        Defendant - Appellant.

No. 11-8031

(D. Wyoming)

(D.C. Nos. 2:09-CV-00140-CAB and
2:01-CR-00016-CAB-1)

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

        Petitioner and appellant Roberto Cortez, Sr., proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Concluding that he has not satisfied the requirements for the issuance of a COA, we deny his request for a COA and dismiss this matter.

On January 23, 2001, an indictment was issued charging Mr. Cortez and his co-defendants with various offenses arising out of their marijuana and methamphetamine activities. While his co-defendants were quickly captured, indicted and sentenced, Mr. Cortez was not arrested until 2005. He elected to go to trial, rather than pleading guilty like his colleagues. After a four-day trial, Mr. Cortez was found guilty and ultimately sentenced to 195 months' imprisonment, followed by five years of supervised release. Our court affirmed his conviction, and his petition for certiorari to the United States Supreme Court was denied. United States v. Cortez, 252 Fed. Appx. 887 (10th Cir. 2007), cert. denied, 552 U.S. 1274 (2008).

Mr. Cortez filed the instant petition for a § 2255 petition on June 22, 2009. As the district court noted, § 2255 provides a one-year statute of limitations. The one-year limitation period begins to run from, *inter alia*, the date when the Supreme Court "denies certiorari." United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006). Accordingly, Mr. Cortez's conviction became final for purposes of the one-year limitation period on March 17, 2008, the day the Supreme Court denied certiorari. His § 2255 motion, filed on June 22, 2009, was therefore some three months late.

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right." Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Cortez claims it is debatable whether his petition was timely filed, or whether the time-limitation should be tolled on some basis, equitable or otherwise. We disagree. Mr. Cortez's petition was not filed in time.

We accordingly DENY him a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge