FILED
United States Court of Appeals
Tenth Circuit

January 31, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DARIAN HUNTER,

      Defendant – Appellant.

No. 11-1367
(D. Colo.)
(D.C. Nos. 1:11-CV-01938-WYD and
1:96-CR-00419-WYD-10)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Darian Hunter was sentenced to 24 months imprisonment following the revocation
of his supervised release. He filed a direct appeal which is currently pending before this
Court.[1] *See* Appeal No. 10-1522. Proceeding pro se,[2] he also filed a 28 U.S.C. § 2255
motion to vacate, set aside or correct sentence alleging ineffective assistance of counsel
in connection with the sentence he received following the revocation of his supervised
release. The district court denied the motion without prejudice as premature because

---

[1] Hunter was originally represented by counsel on appeal. At his request he is now
proceeding pro se, but with standby counsel.

[2] We liberally construe Hunter's pro se filings. *See Ledbetter v. City of Topeka,
Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

"[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *See United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). It determined Hunter had failed to show extraordinary circumstances justifying consideration of his § 2255 motion while his direct appeal is pending. The court also denied Hunter's request for a certificate of appealability (COA) because he had not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Hunter renewed his COA request with this Court. We deny it.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rests on procedural grounds, he must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hunter has failed to satisfy this burden.

Because Hunter's direct appeal is still pending, his § 2255 motion is premature. *Cook*, 997 F.2d at 1319. Hunter argues his § 2255 motion contains an issue not raised in his direct appeal—ineffective assistance of counsel—and indeed that issue usually cannot be raised on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240-41 (10th Cir. 1995) (en banc) (absent "rare instances" where an ineffective effective assistance of counsel claim needs no further development, such claims "should be brought in collateral

proceedings, not on direct appeal"; ineffective assistance of counsel claims "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed"). But a review of Hunter's direct appeal reveals he has in fact raised an ineffective assistance of counsel claim and has argued the claim should be decided on direct appeal because the record is sufficiently developed. In any event, Hunter's direct appeal challenges the sentence he received for the revocation of his supervised release. Should he prevail, a § 2255 motion would be unnecessary. The orderly administration of criminal justice supports the district court's decision.[3]

As no jurist of reason could reasonably debate the correctness of the district court's decision, we **DENY** the request for a COA and **DISMISS** this matter. We **DENY** Hunter's "Request for Transcripts and Documents."

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] In *United States v. Prows*, we entertained a defendant's appeal of the denial of his § 2255 motion even though the government's direct appeal of defendant's sentence was pending. 448 F.3d 1223 (10th Cir. 2006). We noted other circuits had held there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal and even our *Cook* decision did not preclude it where "extraordinary circumstances" existed. *Id.* at 1228. We determined extraordinary circumstances existed given the "complete dichotomy between the issues raised by the government on direct appeal and those raised by Mr. Prows in his § 2255 motion, as well as the fact that the government could effectively keep Mr. Prows in custody for years while it exercises its appellate rights." *Id.* at 1229. We also distinguished *Cook* because it involved the defendant seeking to pursue multiple actions (an appeal and a § 2255 motion) which could potentially overlap. *Id.* Here, while the district court may have had jurisdiction to entertain Hunter's § 2255 motion, it did not err in not doing so especially given his direct appeal and § 2255 motion have overlapping issues.