**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6970**

———————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

HAKIM ABDULAH RASHID, a/k/a Rodney Buchanan,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00941-RBH-1; 4:13-cv-01298-RBH)

———————

Submitted:  October 17, 2013    Decided:  November 19, 2013

———————

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Hakim Abdulah Rashid, Appellant Pro Se.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hakim Abdulah Rashid seeks to appeal the district court's order dismissing without prejudice as premature his 28 U.S.C.A. § 2255 (West Supp. 2013) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Rashid has not made the requisite showing. Although the district court erroneously concluded that it lacked jurisdiction to consider Rashid's § 2255 motion, see United States v. Prows, 448 F.3d 1223, 1228-29 (10th Cir. 2006) (collecting cases), the

district court correctly found, in the alternative, that the resolution of Rashid's § 2255 motion was premature due to the pendency of Rashid's direct appeal. Rashid may refile his § 2255 motion now that his direct appeal has concluded. Accordingly, we deny a certificate of appealability, deny Rashid's motion to appoint counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED