**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>RONALD C. ACOSTA,<br><br>    Defendant - Appellant. | No. 18-2047<br>(D.C. Nos. 1:17-CV-00190-JCH and<br>1:11-CR-01784-JCH-KBM-1)<br>(D. N.M.) |

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Defendant Ronald Acosta, acting pro se, seeks a certificate of appealability (COA) to appeal the dismissal by the United States District Court for the District of New Mexico of his motion under 28 U.S.C. § 2255 challenging his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal from a final order in a § 2255 proceeding). (Although Defendant does not expressly request a COA, we construe his notice of appeal as such a request. *See* Fed. R. App. P. 22(b)(2).) Defendant claims that he should not have been sentenced under the Sentencing Guidelines' career-offender enhancement, *see* USSG § 4B1.1, because his prior state convictions do not support the application of that enhancement in light of subsequent Supreme Court rulings. The district court correctly

dismissed Defendant's motion as untimely. We decline to grant a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the claim was either "debatable or wrong." *Slack*, 529 U.S. at 484. If relief was denied on procedural grounds, the COA applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Under 28 U.S.C. § 2255(f) a defendant must file a § 2255 motion for relief within one year of the latest of four dates, two of which are relevant here: "[T]he date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant did not satisfy § 2255(f)(1).

After he pleaded guilty to violations of 21 U.S.C. § 841(b)(1)(A) (possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine) and 18 U.S.C. § 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime), he was sentenced and judgment was entered against him on December 17, 2012. He did not appeal, so his conviction became final upon expiration of the 14-day period within which to take a direct appeal. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); Fed. R. App. P. 4(b)(1)(A). Defendant filed this motion on February 6, 2017, more than four years later.

Defendant argues, however, that the timeliness of his motion is governed by § 2255(f)(3) because of two Supreme Court decisions that, according to him, newly recognized rights retroactively applicable on collateral review: *Beckles v. United States*, 137 S. Ct. 886 (2017), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). But *Beckles* held that the Sentencing Guidelines are *not* subject to a vagueness challenge under the Fifth Amendment's due-process clause. *See Beckles*, 137 S. Ct. at 895. It clearly did not recognize any new right. As for *Mathis*, it explained the requirements for determining when a criminal statute is divisible for purposes of applying the modified categorical approach in deciding whether a prior conviction was for a violent felony under the Armed Career Criminal Act. *See Mathis*, 136 S. Ct. at 2247–56. But the Court did not recognize a new right. "[A] case announces a new rule [only] if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). *Mathis* said, however, that its holding was governed by

3

Supreme Court decisions handed down "[f]or more than 25 years." *Mathis*, 136 S. Ct. at 2247, 2257.

No reasonable jurist could conclude that the district court erred in denying Defendant's § 2255 motion as untimely. We **DENY** the application for a COA and **DISMISS** the appeal. We **DENY** Defendant's motion to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge