FILED
United States Court of Appeals
Tenth Circuit

October 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LICHFIELD,

Defendant - Appellant.

No. 12-4097

(D. Utah)

(D.C. Nos. 1:09-CR-00097-TS-1 and
1:11-CV-00155-TS)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and movant, Steven Lichfield, appearing *pro se*, seeks a

certificate of appealability ("COA") in order to appeal the district court's denial

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

of his motion for relief under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal dismissal of § 2255 motion). Because the issues raised by Lichfield are either untimely, procedurally barred or, on their merits, fail to meet the standard for issuance of a COA, we deny his request for a COA and dismiss this matter.

## I.

Mr. Lichfield pled guilty on June 14, 2010, to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). The district court sentenced him to the statutory mandatory minimum sentence of fifteen years' imprisonment. Judgment was entered on October 19, 2010. The court entered an amended judgment, adding restitution, on January 21, 2011. Mr. Lichfield did not file a direct appeal.

On October 21, 2011, Mr. Lichfield filed a 28 U.S.C. § 2255 motion, seeking to correct his sentence. He argued that there was a disparity between the sentence he received and the sentence given to another individual involved in child pornography crimes, and that his counsel was ineffective for (1) failing to seek an agreement with the government for a departure for substantial assistance under the United States Sentencing Guidelines, Guidelines Manual §5K1.1; (2) for telling Mr. Lichfield that the court could impose a sentence below the

mandatory minimum, and (3) for failing to present and emphasize all of Mr. Lichfield's positive qualities.

The government filed a response to Mr. Lichfield's motion on December 23, 2011, arguing that all of his claims were either procedurally barred or failed on their merits. Mr. Lichfield filed an "Amended Motion" on January 3, 2012, arguing that he was entitled to a §5K1.1 downward departure for substantial assistance, that the failure to grant him such a departure violated his constitutional rights, that he had been selectively prosecuted, and that his counsel was ineffective for failing to assert that he should be prosecuted in state, rather than federal, court.

Mr. Lichfield subsequently, on March 22, 2012, filed a reply brief, in which he stated he was withdrawing his amended motion. His reply brief restated some of the issues he had raised previously: his claims that he was entitled to a §5K1.1 downward departure, that the government was not justified in refusing to grant such a departure, that the failure to grant such a departure violated his constitutional rights, and that his sentence was disparately long compared to another person. In addition, Mr. Lichfield argued ineffective assistance of counsel, again restating some issues raised previously, but also raising some new arguments. The restated arguments were that his counsel was ineffective for telling him that the court could sentence him below the mandatory minimum, and

that his counsel was ineffective for failing to obtain an agreement with the government to seek a §5K1.1 downward departure.

The new arguments Mr. Lichfield raised were that counsel was ineffective in not explaining fully the plea agreement, in refusing to seek to withdraw Mr. Lichfield's guilty plea, in failing to file a direct appeal, and in operating under a conflict of interest.

The district court denied Mr. Lichfield's § 2255 motion, finding that some of his claims were untimely, some were procedurally barred, and the remainder were meritless. We consider each set of issues in turn.

## A. Time-barred issues

In concluding that certain issues were time-barred, the district court observed the statutory time limits applicable to § 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

-4-

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the absence of an appeal, a criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Under the Federal Rules of Appellate Procedure, the time for a direct criminal appeal expired fourteen days after the entry of the judgment being appealed. Thus, Mr. Lichfield's conviction became final on February 4, 2011 (fourteen days after January 21, 2011).

Applying the time limits of § 2255(f), the district court correctly observed that Mr. Lichfield's § 2255 motion had to be filed, at the latest, by February 4, 2012 (one year after February 4, 2011). Thus, Mr. Lichfield's initial § 2255 motion and his "Amended Motion" (filed on October 21, 2011 and January 3, 2012, respectively) were timely, but his "reply" brief, filed on March 22, 2012, to the extent that it sought to raise new claims, was not. That is not, however, necessarily fatal to his reply brief. "Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, an untimely amendment to a timely § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion. . . ." United States v. Weeks, 653 F.3d 1188, 1206 n.12 (10th Cir. 2011) (quoting United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000)).

While some of Mr. Lichfield's claims in his "reply" brief related back to his timely filings, the district court found that his claims of ineffective assistance of counsel relating to his plea agreement, his guilty plea, the failure to file a direct appeal and conflict of interest were new and did not relate back. As a result, the district court correctly found itself without jurisdiction to consider those four claims. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization.").

**B. Procedurally-barred issues**

With respect to the claims the district court found procedurally barred, the court explained, citing United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996), that "[a] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal." As we stated in Cox, "[w]hen a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." Cox, 83 F.3d at 341.

The district court concluded, again correctly, that all of Mr. Lichfield's issues except his claims of ineffective assistance of counsel could have been raised on direct appeal. Thus, they were procedurally barred, absent a

demonstration of cause, prejudice or a fundamental miscarriage of justice. Mr. Lichfield suggests to us that his counsel's ineffectiveness caused the failure to file a direct appeal. The district court did not address this issue, as it concluded Mr. Lichfield made no effort to establish cause for and prejudice from the defaulted claims. We agree with that conclusion and will not address an argument for cause and prejudice not raised below.

## C. Issues on merits

The district court concluded that the only issues to be resolved on their merits were Mr. Lichfield's claims that his counsel was ineffective in certain ways. As indicated above, these issues were: Mr. Lichfield's claims that his counsel was ineffective for (1) failing to seek an agreement with the government for a §5K1.1 downward departure; (2) representing to Mr. Lichfield that the court could impose a sentence below the mandatory minimum sentence of fifteen years; (3) failing to assert all positive aspects of Mr. Lichfield; and (4) failing to seek to have Mr. Lichfield tried in state, as opposed to federal, court.

The district court correctly analyzed Mr. Lichfield's ineffectiveness claims under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant asserting a violation of his Sixth Amendment right to effective assistance of counsel must show that counsel's performance (1) "fell below an objective standard of reasonableness," id. at 688, and (2) resulted in prejudice, meaning "a reasonable probability that, but for counsel's unprofessional

-7-

errors, the result of the proceeding would have been different." Id. at 694.  Our

review is "highly deferential" and we "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance; that is,

the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy."  Id. at 689 (internal

quotation marks omitted).  Finally, a court "may address the performance and

prejudice components in any order, but need not address both if [the defendant]

fails to make a sufficient showing of one."  Boltz v. Mullin, 415 F.3d 1215, 1222

(10th Cir. 2005) (quoting Cooks v. Ward, 165 F.3d 1283, 1292-93 (10th Cir.

1998)) (internal quotation marks omitted).

With respect to Mr. Lichfield's claim that his counsel was ineffective for

failing to procure an agreement with the government for a USSG §5K1.1

downward departure, the district court found counsel's performance was not

deficient because the government retains enormous discretion in deciding whether

to make a §5K1.1 motion.  United States v. Altamirano-Quintero, 511 F.3d 1087,

1090 (10th Cir. 2007) (holding that the §5K1.1 "motion is ordinarily left to the

Government's discretion (unless the Government gives up that discretion as part

of a plea agreement)"); United States v. Abston, 401 Fed. Appx. 357, 363 (10th

Cir. 2010) (unpublished) (noting that "the government has almost boundless

discretion in deciding whether to move for . . . a [§5K1.1] departure").[1] The court also found no prejudice, since the government was well aware of Mr. Lichfield's assistance but declined to file a departure motion. Thus, the district court concluded counsel could have done nothing more.

Regarding the claim of ineffectiveness based on the allegation that counsel told Mr. Lichfield that the court could sentence him below the mandatory minimum, the district court held that counsel "may" not have been ineffective, since the court does in fact have the authority to depart from a statutory mandatory minimum in certain circumstances. But even if the court did not have such authority, the district court concluded that Mr. Lichfield, having been informed both in writing and orally, was well aware that a statutory mandatory minimum applied. Thus, counsel's statement did not prejudice him.

On the ineffectiveness claim based on a purported failure to present all of Mr. Lichfield's positive qualities, the district court rejected this claim on the ground that Mr. Lichfield fails to provide anything specific he claims his counsel should have presented. There was therefore no deficient performance. Additionally, the court determined that Mr. Lichfield failed to show prejudice because he was subject to the fifteen-year mandatory minimum sentence.

---

[1]While unpublished decisions are not binding authority, we cite this decision because we agree with its holding as stated.

The court also rejected Mr. Lichfield's claim that his counsel was ineffective because counsel failed to seek to have Mr. Lichfield tried in state, rather than federal, court. The district court noted that Mr. Lichfield was charged with violating a federal crime and he admitted, during the change in plea hearing, that he had violated federal law. Thus, this claim of Mr. Lichfield's was meritless, and counsel was not ineffective in failing to raise it. See United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.").

## II.

A COA is a jurisdictional prerequisite to this court's review of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); see Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). "We will issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right." Allen, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). In order to make such a showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(citation and internal quotation marks omitted). Where the district court denies a motion on procedural grounds, as well as on the merits of the underlying constitutional claims, the movant must show that reasonable jurists would find debatable *both* (1) whether the motion states a valid claim of the denial of constitutional right, *and* (2) whether the district court was correct in its procedural ruling. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of [an issue], a reasonable jurist could not conclude either that the district court erred in dismissing the [issue] or that the [movant] should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

As set forth above, we agree with the district court's analysis of all the issues, both procedural and substantive. No reasonable jurist could debate the propriety of the district court's rulings on those issues.

## CONCLUSION

For the foregoing reasons, Mr. Lichfield's request for a COA is DENIED and this matter is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-11-