FILED
United States Court of Appeals
Tenth Circuit

July 28, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES EDWIN MATHISEN,

    Defendant - Appellant.

No. 19-8038
(D.C. Nos. 2:19-CV-00001-NDF
2:17-CR-00178-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Defendant Charles Edwin Mathisen, a federal prisoner proceeding pro se, moved for postconviction relief under 28 U.S.C. § 2255. But before the district court could rule on his original motion, Defendant filed an amended § 2255 motion asserting additional claims. Against Defendant's wishes, the district court determined that the amended motion was untimely and struck it from the record. And after doing so, the district court also dismissed Defendant's original § 2255 motion—the only remaining one—based on a provision in Defendant's plea agreement that generally forbade him from collaterally attacking his conviction and sentence.

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Although Defendant takes no issue with the district court's ruling on his original § 2255 motion, he now requests a certificate of appealability (COA) so that he may formally challenge the district court's decision to strike his amended § 2255 motion as time barred. Defendant does not say outright why he limits his request for a COA to the amended motion alone. With that said, he presumably believes that the other arguments he raised in his amended motion can somehow get around his plea agreement. So getting those arguments in front of the district court is paramount if Defendant hopes to have any chance of prevailing under § 2255.

Whatever his reason, when a district court disposes of a § 2255 motion on procedural grounds, we may grant a COA only when "the prisoner shows . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). And to put the matter simply, the timeliness of Defendant's amended § 2255 motion is not subject to a good-faith debate.

First consider the limitations period that § 2255 imposes on federal prisoners. For our purposes today, that statute requires a prisoner to bring a motion for postconviction relief within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The date a conviction becomes final, though, changes depending on whether the prisoner files a direct criminal appeal. When a prisoner *does* file a direct criminal appeal, his or her "criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006). But when a prisoner *does not* file a direct criminal appeal, his or her

2

"criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." Id. at 1227–28.

Defendant never filed a direct criminal appeal. For purposes of § 2255, that means his criminal conviction became final when his time for filing a direct appeal expired—fourteen days after the district court entered its judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed . . . ."). Given that the district court entered Defendant's judgment of conviction on December 20, 2017, Defendant's conviction therefore became "final" on January 3, 2018. And as a result, he had through January 4, 2019 to file any motions under § 2255. See United States v. Hurst, 322 F.3d 1256, 1261–62 (10th Cir. 2003) (observing that the limitations period under § 2255(f) begins on the day after the judgment becomes final and ends exactly one year later on the same day).

Defendant filed his original § 2255 motion two days before the statutory deadline on January 2, 2019. So as the district court correctly recognized, *that* motion was timely. But Defendant did not file his amended § 2255 motion until March 25, 2019, which was well after the January 4, 2019 deadline.[1] The district court thus correctly concluded that Defendant's amended motion was time barred.

---

[1] To be sure, Defendant asked for permission to file his amended motion—permission the district court refused to give—several weeks before he filed that motion. But even if we were to instead use the date he asked for permission—January 28, 2019—the filing deadline would still have passed.

Defendant offers two retorts. First, he directs us to the Supreme Court's decision in Clay v. United States, 537 U.S. 522 (2003). In that case, the Supreme Court observed that "[f]inality attaches" under § 2255 "when the time for filing a certiorari petition expires." Id. at 527. Defendant takes that holding to mean that his conviction became final ninety days—the typical time to petition for certiorari—*after* his fourteen-day period for filing a direct criminal appeal had expired. See Sup. Ct. R. 13.1 (requiring a party to petition for certiorari "within 90 days after entry of the judgment"). Taking those combined 104 days in tandem, Defendant's own math leads him to believe that his judgment of conviction became final on April 2, 2018. That would mean, Defendant continues, that he had until April 2, 2019, to file his amended § 2255 motion. And since March 25, 2019—the day Defendant filed that motion—falls within that period, Defendant argues that his amended motion was timely.

Defendant misconstrues Clay. The ruling in that case applies only when a defendant first "takes an unsuccessful direct appeal from a judgment of conviction." Clay, 537 U.S. at 524; see also id. at 525 ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari *contesting the appellate court's affirmation of the conviction.*" (emphasis added)). By contrast, and as we alluded to above, when a defendant does not file a direct appeal, the time to petition for certiorari simply does not factor into the equation. See Prows, 448 F.3d at 1227–28 ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). As a result, Clay does

not help Defendant in any way given that he never filed a direct appeal and thus could not petition for certiorari.[2]

Second, Defendant argues that if he misinterpreted or misapplied the law, then the rule of lenity—a judicial doctrine that "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them," United States v. Santos, 553 U.S. 507, 514 (2008)—demands that we interpret the filing deadline in his favor. But as that definition of the rule of lenity makes clear, the criminal law at issue must be ambiguous in some way before we invoke that doctrine. We cannot apply the rule of lenity simply because a defendant subjectively misinterprets or misapplies the law. So even assuming without deciding that we could apply the rule of lenity to § 2255's limitations period if that statute *was* somehow ambiguous, cf. Lay v. United States, 623 F. App'x 790, 794 n.4 (6th Cir. 2015) (unpublished) ("find[ing] no error" in the district court's decision to apply the rule of lenity to § 2255's limitations period in an unusual filing scenario), the simple truth is that § 2255's limitations period is unambiguous for our purposes today. Again, binding circuit precedent makes as much clear. See Prows, 448 F.3d at 1227–28.

For all these reasons, Defendant had through January 4, 2019, to file any motions for postconviction relief under § 2255. Because Defendant did not file his amended § 2255 motion until several months after that date, the district court correctly struck that

---

[2] We also note that when Defendant requested permission on January 28, 2019, to file an amended § 2255 motion, he argued that he had until March 20, 2019, to do so. Only after he failed to meet that deadline did he offer his new argument that the limitations period ended on April 2, 2019.

motion from the record.  We therefore DENY Defendant's request for a COA and

DISMISS this matter.  We likewise DENY Defendant's motion for leave to proceed *in*

*forma pauperis*.[3]

---

[3] Two final points.  First, Defendant claims that he "was diligent in his efforts to abide by the deadlines and rules" and that any errors on his part were "excusable." From what we can make of that statement, we believe Defendant is asking us to equitably toll § 2255's limitations period on his behalf.  See United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) ("Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000))); id. at 1223–27 (observing that courts can equitably toll § 2255's limitations period).  But Defendant does not say *how* he was diligent, nor does he say *why* his errors were excusable and beyond his control.  We therefore conclude that Defendant has waived any argument he could have made about equitable tolling.  See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

Entered for the Court


Joel M. Carson III
Circuit Judge

---

Second, Defendant does not argue that the date of his amended § 2255 motion should relate back to the date of his original § 2255 motion. See Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ."); United States v. Roe, 913 F.3d 1285, 1296 (10th Cir. 2019) (observing that an amended § 2255 motion can relate back to the date of the original § 2255 motion by Federal Rule of Civil Procedure 15(c)(1)(B) in "constrained" circumstances). As a result, we again conclude that Defendant has waived any argument he could have made in that regard. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded to pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). And even if Defendant had raised the argument, his amended § 2255 motion would not relate back to the date of his original motion because his amended claims greatly differ from his original claim. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (explaining that an untimely amendment to a § 2255 motion may "relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory* into the case" (alterations omitted and emphasis added)).

7